

# The Attorney General of Texas

August 8, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
City-County Building, Room 201
El Paso, Texas 79901

Opinion No. MW-41

Re: Application of article 32A.02, V.A.C.C.P., to traffic citations.

Dear Mr. Rodriguez:

You have asked when a criminal action commences under the Texas Speedy Trial Act, article 32A.02, Code Crim. Proc., in the case of a traffic violation. Specifically, you have asked if the thirty day period begins to run when the citation is issued, or when a formal complaint is filed in municipal court.

Article 32A.02, section 2(a), provides:

> Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

The answer to your question will depend on whether the peace officer's stop of a traffic offender and issuance of a citation constitutes a detention in custody or a release on bail or personal bond.

Various sections of article 6701d, V.T.C.S., indicate the effect of a stop for a traffic violation. When a motorist is stopped for a traffic violation, the stop is characterized by the statute as an arrest. V.T.C.S. art. 6701d, § 148. Even though it is normally for only a brief period of time, the driver is detained in custody. V.T.C.S. art. 6701d, § 148(d) (when the driver files a promise to appear, the officer "shall forthwith release the person arrested from custody"); Delaware v. Prouse, 99 S. Ct. 1391 (1979) (a stop of an automobile and brief detention of its occupants is a seizure within the meaning of the 4th and 14th Amendments); 6 Tex. Jur.2d Arrest §§ 1 and

20; cf. Newberry v. State, 552 S.W.2d 457, 461 (Tex. Crim. App. 1977) (after a traffic violator was stopped he was not free to leave).

A traffic offender may be permitted to leave on signing a promise to appear. V.T.C.S. art. 6701d, § 148. If the arrest is for speeding, it is generally mandatory that the arrested person be released on the signing of the promise to appear. Id. In many respects the promise to appear is the functional equivalent of a personal bond. Compare V.T.C.S. art. 6701d, § 148 with Code Crim. Proc. art. 17.04.

We believe the motorist who is stopped and ticketed for a traffic offense has been arrested and detained in custody. This reading is consistent with the apparent intent of the statute. The Act is a remedial statute, and it should be given a liberal construction to effect its purpose. City of Mason v. West Texas Utilities Co., 237 S.W.2d 273 (Tex. 1951). The Act is designed to impose time limitations on the state as soon as the defendant enters the criminal justice system to answer for an offense. In the case of a traffic offense punishable by fine only, the defendant enters the system when he is arrested, and the state is required to be ready for trial within 30 days of that time. Of course the time at which the state is required to be ready may be extended by any one of the ten exceptions listed in section 4. See especially sec. 4(10) (providing for reasonable delay justified by exceptional circumstances). We also note that beginning September 1, 1979, the 30 day period will be extended to 60 days. Acts 1979, 66th Leg., ch. 3, at 4.

## SUMMARY

The Speedy Trial Act, article 32A.02, Code Crim. Proc., requires that the state be ready to try a traffic offense punishable by fine only within 30 days of the time the defendant is stopped and issued a ticket.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
and Charles Campbell
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Tom Bullington
Charles Campbell
William G Reid